the principle had been recognized in the case of the *State* v. *Aaron*, 1 *South.* 231, where the Court of Oyer and Terminer granted a new trial; and that the reasonings of the gentleman equally applied to this court as to the Court of Quarter Sessions, for it came within his definition of a court of inferior jurisdiction, and if one possessed the right of granting new trials the other had it also. The same argument might, also, be applied to the District Court of the United States, which constantly exercised the right of granting new trials.

*Per curiam.* It has been so long the practice of the Courts of Common Pleas and Quarter Sessions to grant new trials, that it is deemed inexpedient at this time to deny their right so to do, even if it might have been questionable at first.

Rule for a *mandamus* refused.

---

SAMUEL ROWLAND and others *against* JOHN H. STEVENSON.*

Where a person contracts a debt in Pennsylvania, for which he is sued in this state, and, during the pendency of the suit here, goes to Pennsylvania, and, being arrested by other creditors there, takes the benefit of the insolvent laws of that state, this court will order an *exoneretur* to be entered on the bail piece in the suit pending here.

---

EWING, in behalf of the defendant, moved that an *exoneretur* should be entered on the bail piece filed in this cause. The facts of the case were admitted to be these: Samuel Rowland became indebted, in Philadelphia, to Stevenson. Upon this debt, Stevenson sued Rowland in this state. Pending these suits, Rowland was taken in custody to Philadelphia, at the suit of different persons, for a different debt, and was there discharged as an insolvent. The debt for

* NOTE.—This case overruled in Wood *v.* Malin, 5 *Halst.* 208.

which this action was brought was contracted in Philadelphia, and Stevenson resided there at the time it was contracted, and at the time of the discharge. The discharge was in regular form, and duly certified. Rowland was a resident of New Jersey.

*Ewing*, contended, that the discharge in Pennsylvania was a protection to the person of Rowland; the court would not suffer a *ca. sa.* to be issued against Rowland; and if it was issued and taken the court would discharge him. 1 *South*. 202. This position being established, the only question was, whether the *exoneretur* should be entered, and of that there could be no doubt.

*Wall* admitted, that if the first position of the gentleman was correct the second followed of course. While the suits were pending in this state, Rowland goes into the State of Pennsylvania, and takes the benefit of the insolvent law. It is immaterial whether voluntary or not, for it appears to me, that the suit being commenced before he went the *lex fori* had attached. 2 *John*. 198; 11 *John*. 195. It is the same as if the suit was commenced here, as the contract was made here. It is only to the interpellation of contracts that the *lex fori* applies. As to the remedies, it does not depend upon the ground of their residing in different states; when they come into our courts they must be governed by the course of proceedings in our courts, *viz.*, the *lex fori*. By the laws of this state, the plaintiff is entitled to hold the bail until they are discharged in the manner pointed out by our laws. Here the rights of the plaintiff had attached before Rowland went to Philadelphia to get a discharge. I find no case where the defendant has been discharged from debt in one state after a suit actually commenced for that debt in another, but there is a case in *Johnson* which appears to bear upon it. 7 *John*. 117, *White* v. *Canfield*.

The discharge in one state is only the discharge of the body, and is local in its operation. It was so decided in

*Peck* v. *Hozier*, (14 *John.* 346,) where it was determined, that a person who had been arrested in another state, and discharged from imprisonment under the act of the legislature of that state, may be arrested and held to bail in New York for the same cause of action at the suit of the same plaintiff. If this principle is correct, it applies much stronger in this case, where the suit had been commenced in this state before the discharge made. The assignees in Pennsylvania could not act here; the debtor has no property in that state. It would give rise to all kinds of fraud; the creditor there could never have any redress against him.

*Ewing.* If this application be novel, it must be because no one has thought proper to oppose it; but the principles upon which the application is made are not novel. The case in 2 *John.* does not apply. As to the case in 11 *John.* it is opposed to the decision in *South.* but even that does not go the length which the gentleman does. In the case in 7 *John.* the debt was contracted in New York, and the discharge in Connecticut. The case in 14 *John.* is the same thing in effect; the debt was contracted in Barbadoes, the plaintiff resided in New York, and the discharge was in Massachusetts. We are brought back fairly, then, to the principles contained in the case of *Vannuxem* v. *Hazelhurst.* When the discharge was obtained, makes no difference, whether it was after the suit commenced or before.

BY THE COURT. Let there be an *exoneretur* entered on the bail piece.

---

### JOHN BOQUA *against* ANDREW WARE.

When a plaintiff moves for judgment upon a *postea*, which states that the defendant made default at the circuit, and this motion is opposed upon the ground, that notice of trial was not served, proof of due notice may be made, either at the circuit or at bar.